Tucker, P.
I am of opinion that there is no error in this case. The court properly admitted the bond of White to go to the jury as evidence in support of the plea of payment; but it not less properly admitted the evidence of the consideration for which that bond was given, to explain and qualify the bond. If the bond was evidence of an acknowledged indebtedness, the facts connected with that bond were surely proper, as part of the res gesta, to explain the character and extent, and to ascertain the weight and importance of the acknowledgment. It is not necessary to decide how far the bond would have been conclusive, had it been pleaded as an estoppel. But I think it may safely be affirmed, that as it was not used as an estoppel, but merely introduced as evidence of payment, it was not conclusive, however persuasive it may be. This is certainly the case with a receipt, which seems at one time to have been looked upon, in some of the cases, as conclusive, though even at an early day it was held otherwise. Comb. 59. Starkie on Evid. part IV. p. 32. 1273. 1274. Lampon v. Corke, 5 Barn. & Ald. 606. In this last case it was said, that as the receipt was not under seal, it could not amount to an estoppel, and if introduced merely as evidence, it was susceptible of being rebutted by the other circumstances of the case. Now that is also the general rule' as to a deed, which might be used as an estoppel, but is only introduced as evidence, the estoppel being waived. Starkie on Evid. part II. pp. 206. 302. The strong presumption there *217 fore, in this case, from the plaintiff White’s acknowledging himself in 1823 to be debtor to the defendant, may be rebutted; and this I understood the counsel to concede. But if it may be rebutted, what evidence is so proper to repel it, as an explanation of the consideralion and the circumstances under which the bond was given ? Those circumstances constitute part of the transaction, are explanatory of its real nature, and shew what reliance ought to be placed upon it. They were therefore properly admitted to go to the jury, as evidence to rebut the effect of the bond introduced by the defendant. It is true, the proof that the consideration of the bond from White t.o Johnson had no sort of connexion with the bond from Johnson to While, by no means removes the doubts which grow out of the execution of the former bond. But that was a matter for the jury, upon the whole evidence; and certainly, in deciding that question, their conclusion would have been very different from that which they have come to, had it appeared that this bond had been given for a balance due upon a settlement of all accounts, including the bond of Johnson to White. This shews that the facts which led to the execution of the bond from White to Johnson were important in the case, and were therefore proper to be introduced. I think the judgment should be affirmed.
Judgment affirmed.